**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:15-CV-238-CHL**

**RICHARD LACKEY, et al.,**                                                                                          **Plaintiffs,**

v.

**PROPERTY AND CASUALTY INSURANCE COMPANY**
**OF HARTFORD, d/b/a THE HARTFORD,**                                                                **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Defendant Property and Casualty Insurance Company of Hartford, d/b/a The Hartford ("Defendant") to bifurcate this action ("Motion to Bifurcate").  (DN 14.)  The Court construes the Motion to Bifurcate as a request that the Court bifurcate this case for trial and stay discovery on the bad-faith claim asserted by Plaintiffs Richard Lackey and Darlene Lackey (collectively, "Plaintiffs") pending resolution of Plaintiffs' underlying claims related to insurance coverage.  Plaintiffs filed a response in opposition to bifurcation.  (DN 15.)  For the following reasons, the Motion to Bifurcate is GRANTED.

## Background

After discovering that their condominium had sustained significant flooding and water damage, ostensibly caused by a broken water pipe or hose, Plaintiffs submitted to Defendant a claim under a homeowners insurance policy.  Plaintiffs allege that Defendant was negligent and/or grossly negligent in its efforts to decontaminate, repair, and restore their condominium. Plaintiffs filed suit in Jefferson Circuit Court, asserting claims of breach of contract (Count A), breach of the covenant of good faith and fair dealing (Count B), violations of KRS 304.12-230,

the Kentucky Unfair Claims Settlement Practices Act (Count C)[1], and negligence (Count D). (DN 1-2, Complaint.)  Defendant removed the case to this Court.

Defendant seeks bifurcation of this case for purposes of discovery and trial.  It asserts that bifurcation is proper pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, the Kentucky Unfair Claims Settlement Practices Act, and Kentucky and federal case law.  Defendant further argues that it would experience severe prejudice if the Court were to fail to bifurcate this action.  Plaintiffs urge the Court to exercise its discretion to deny the motion.  Plaintiffs acknowledge that bifurcation is typical in situations similar to this case, but argue that staying discovery on the bad-faith claim and bifurcating the case for trial would not promote efficiency or conserve the resources of the parties or the Court, in that resolution of the coverage-related issues in its favor would require duplication of efforts in discovery and at trial.

## Discussion

The Motion to Bifurcate raises two issues: (1) whether to bifurcate the case for trial; and (2) whether to stay discovery on the bad-faith claim.  Resolution of both issues is within the trial court's discretion.  *C.A. Jones Mgmt. Group, LLC v. Scottsdale Indem. Co.*, 2015 U.S. Dist. LEXIS 33430, *3-4 (W.D. Ky. March 18, 2015) (citations omitted); *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (stating that a district court's decision to bifurcate a trial is reviewed for abuse of discretion).

Rule 42(b) of the Federal Rules of Civil Procedure provides as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court *may* order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

Fed. R. Civ. P. 42(b) (emphasis added).

---

[1] Count C is the "bad-faith claim" referred to by all parties refer and to which the Court refers herein.

To begin, it is worth noting that the parties' briefs contain inaccurate citations to Rule 42(b).  Defendant and Plaintiffs alike quote Rule 42(b) as providing that, if certain considerations are present, the court *shall* order bifurcation.  (DN 14-1 at 4; DN 15 at 2.)  The parties fail to cite to the rule in its present form, as excerpted above.  Defendant takes its erroneous citation further, arguing that pursuant to Rule 42(b), the Court is *required* to bifurcate this case (whereas Plaintiffs acknowledge the Court's discretion).  The Court has no reason to believe that the parties intended to misdirect the Court in its analysis, and, as is clear from the discussion herein, the Court concludes that bifurcation is appropriate in this case.  Nonetheless, the parties, particularly Defendant, would do well to review the language of Rule 42(b) and to bear in mind that "[t]he piecemeal trial of separate issues in a single lawsuit . . . is not to be the usual course.  Thus, Rule 42(b) should be resorted to only as the result of informed discretion when the district judge believes that separation will achieve the purposes of the separate trial rule." *Frank Betz Assocs. v. J.O. Clark Constr., LLC*, 2010 U.S. Dist. LEXIS 117961, *3 (M.D. Tenn. Nov. 5, 2010) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2388 (3d ed. 2008)) (footnotes omitted).

"Federal district courts in Kentucky frequently sever the trials for contract and bad-faith claims in lawsuits analogous to the instant action."  *C.A. Jones Mgmt. Group*, 2015 U.S. Dist. LEXIS 33430 at *4 (citing *Brantley v. Safeco Ins. Co. of Am.*, 2011 U.S. Dist. LEXIS 138111 (W.D. Ky. 2011); *Hoskins v. Allstate Prop. & Cas. Co.*, 2006 U.S. Dist. LEXIS 80327 (E.D. Ky. 2006)).  "If a bad-faith claimant cannot prevail on the coverage issue, her claim of bad-faith necessarily fails; accordingly, such cases lend themselves to bifurcation under Rule 42(b)." *Id.* (citations omitted).  Here, if Plaintiff's underlying contract-related claims are resolved in

Defendant's favor, Plaintiff's bad-faith claims will necessarily fail. The Court finds that bifurcation of the trial will "avoid the expense of litigating issues that may never arise and will permit consideration of a single issue at a time, thus avoiding the introduction of potentially confusing evidence until necessary." *Id.* at *5. Relatedly, "[a]s numerous courts have found in this context, staying discovery of the bad-faith claim pending resolution of the underlying contractual dispute would both prevent prejudice and further judicial economy." *Id.* at *5-6 (citing *Brantley*, 2011 U.S. Dist. LEXIS 138111 at *2; *Bruckner v. Sentinel Ins. Co. LTD*, 2011 U.S. Dist. LEXIS 13365, *2 (E.D. Ky. 2011); *Secura Ins. Co. v. Gorsick*, 2008 U.S. Dist. LEXIS 3018, *2 (W.D. Ky. 2008); *Pollard v. Wood*, 2006 U.S. Dist. LEXIS 13459, *2-3 (E.D. Ky. 2006)). In this case, the Court finds that staying discovery on, and bifurcating for purposes of trial, Plaintiffs' bad-faith claim will prevent prejudice to either party, conserve costs, and further the interests of judicial economy.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Bifurcate (DN 14) is GRANTED. Count C, alleging violations of KRS 304.12-230, the Kentucky Unfair Claims Settlement Practices Act, is hereby BIFURCATED for purposes of TRIAL AND DISCOVERY. Discovery as to Count C, Plaintiffs' bad-faith claim, is hereby STAYED pending further Order of the Court. Unless and until such stay is lifted, no party shall conduct discovery on any issue that is solely related to Count C, the bad-faith claim.

cc: Counsel of record