# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:15-CV-238-CHL

**RICHARD LACKEY, et al.**  **Plaintiff,**

**v.**

**PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a motion for summary judgment (DN 25) filed by Defendant Property and Casualty Insurance Company of Hartford ("Hartford"). Hartford contends that the breach of contract and negligence claims asserted by Plaintiffs Richard Lackey and Darlene Lackey ("Plaintiffs") are time-barred under the applicable insurance policy. Plaintiffs filed a response (DN 32), and Hartford filed a reply (DN 36). The motion is ripe for review. For the following reasons, the Court will **grant in part** and **deny in part** Hartford's motion for summary judgment.

## STATEMENT OF FACTS AND CLAIMS

Plaintiffs, a married couple, own a residence located at 7 Harrods Landing in Prospect, Kentucky. (DN 1-2 at 5 (Complaint).) Plaintiffs were away from the residence between July and September 2010, during which time a water pipe or hose in the residence broke, causing extensive flooding, water damage, and mold. (*Id.*) At the time of the flooding, Plaintiffs had in effect an insurance policy issued by Hartford, insuring the residence and its contents. (*Id.*; DN 25-1 (motion for summary judgment) ("The Policy provided dwelling, personal property, and loss of use coverage for the Plaintiffs' residence . . . .").) The effective dates of the policy were March 27, 2010 to March 27, 2011. (DN 25-1 at 1.) When Plaintiffs returned to their home,

they discovered the damage and, on September 12, 2010, submitted a claim to Hartford. (DN 1-2 at 5; DN 25-1 at 2.) Plaintiffs describe Hartford's response as "an attempted repair and decontamination of the property," but they allege that Hartford failed to remove a water-damaged wet bar containing standing water, and also failed to remove certain contaminated items from the residence, instead packing the items in cardboard boxes and leaving them inside the residence, resulting in damage to Plaintiffs' real and personal property in an amount in excess of the limits of the policy. (DN 1-2 at 5-6.) Plaintiffs attempted to return to their residence in approximately June 2012, at which time they discovered failure to repair and decontaminate and/or cross-contamination caused by Hartford. (*Id.* at 6.) They allege that they were forced to vacate again and further deprived of use and enjoyment of their real and personal property. (*Id.*) Plaintiffs assert that their residence remains uninhabitable. (*Id.*)

On March 6, 2015, Plaintiffs filed suit against Hartford in Jefferson (Kentucky) Circuit Court. (DN 1-2.) They allege the following causes of action: (A) breach of contract based on Hartford's negligent performance of or failure to perform its duties under the insurance policy; (B) breach of the covenant of good faith and fair dealing; (C) violation of KRS 304.12-230, Kentucky's Unfair Claims Settlement Practices Act ("UCSPA"), in relation to Hartford's failure to attempt in good faith to promptly settle the issues underlying this action; and (D) negligence by Hartford in its efforts to repair and decontaminate the residence. (*Id.* at 6-10.) On April 1, 2015, Hartford removed this case to this Court. (DN 1.) In June 2015, the parties consented to United States Magistrate Judge jurisdiction. (DN 10.) On September 16, 2015, the Court granted Hartford's motion to bifurcate this action for purposes of discovery and trial. (DN 19.)

Specifically, the Court stayed Plaintiffs' bad faith claim, Count C, alleging violations of the UCSPA, for purposes of discovery and trial. (*Id.*)

Hartford has now moved for summary judgment as to Counts A and D of the complaint. Hartford asserts that it has paid approximately $124,486 directly to Plaintiffs or to vendors in effort to "clean, repair and/or replace the damage to their home and personal property." (DN 25-1 at 2-3.) It paid an additional $40,000 to cover Plaintiffs' living expenses during the time that they did not reside in their residence. (*Id.* at 2.) Hartford's position as to the merits of Plaintiffs' claims is that all of Plaintiffs' compensable losses have been fully paid. (*Id.*) In its motion for summary judgment, Hartford asserts that Plaintiffs' breach of contract and negligence claims were not timely filed. It says that those claims, filed in March 2015, approximately four-and-a-half years after the September 12, 2010 date of loss, are barred as a matter of law for failure to comply with the policy's provision establishing a two-year limitations period for filing lawsuits. (*See generally* DN 25-1.) The relevant part of the policy provides as follows:

> **G. Suits Against Us**
> No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and *the action is started within two years after the date of loss*.

(DN 25-2 at 64, ¶ G.) Hartford contends that the two-year limitations period is applicable to this lawsuit and that it is enforceable under Kentucky law. (DN 25-1.)

Plaintiffs argue in response that any limitation period that begins counting from the date of loss rather than "the event necessary to create the cause of action is counter to years of Kentucky law, and is void and unenforceable under KRS 304.10-370." (DN 32 at 4.) Plaintiffs contend that for purposes of breach of contract actions, a claim does not accrue until the date when the contract is breached, which, in this case, occurred at as of July 23, 2014 at the earliest.

3

(*Id.* at 5.) Plaintiffs describe this as the date on which, after several years of "investigations, requests, studies, and estimates, with Hartford paying various claims along the way," with a letter to Plaintiffs' counsel, Hartford denied Plaintiffs' proposals for a remediation protocol and restoration bid. (*Id.*) In its reply, Hartford argues that relevant case law actually supports its calculation of the accrual date for the breach of contract claim. (DN 36.) Hartford urges the Court to grant it summary judgment as to Count A, breach of contract, and Count D, negligence.

## JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon diversity jurisdiction. *See* 28 U.S.C. § 1332; *see also* DN 40.

## STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies the burden, the non-moving party must then produce specific evidence proving the existence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific

facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The mere existence of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

Finally, while the substantive law of Kentucky is applicable to his case pursuant to *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the standards of Rule 56 of the Federal Rules of Civil Procedure, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S 77 (2010).

## DISCUSSION

Hartford moves for summary judgment on the basis that Plaintiffs' breach of contract and negligence claims, Counts A and D of the complaint, respectively, are barred by the insurance policy's contractual limitation period. (*See generally* DN 25-1.) Again, the policy issued by Hartford to Plaintiffs provides that legal action may be initiated against Hartford only if "the action is started within two years after the date of loss." (DN 25-2 at 64, ¶ G.) It is undisputed that Plaintiffs filed suit on March 6, 2015. That date was approximately four-and-a-half years after the September 12, 2010 date of loss, that is, the date on which Plaintiffs discovered the water damage after being away from the residence between July 2010 and September 12, 2010. Hartford contends that Kentucky law, as applied by both Kentucky courts and federal courts in the Sixth Circuit, supports its position.

Plaintiffs, on the other hand, argue that their cause of action for breach of contract did not accrue until the actual breach of contract occurred. They insist that the breach itself did not take place until Hartford refused, by letter to Plaintiffs' counsel dated July 23, 2014, "to make the necessary remediation and repairs required by the contract." (DN 32 at 8.) In reply, Hartford argues that the case law upon which Plaintiffs rely is factually distinguishable; that the July 23, 2014 letter from Hartford to Plaintiffs' counsel was a response to a settlement demand made by Plaintiffs, not a denial of their claim under the insurance contract; and that the two-year contractual limitations period is valid under Kentucky law. (*See* DN 36.)

Kentucky law allows for contractual provisions which limit the time in which an insured may file suit. *Howard v. Allstate Ins. Co.*, 2014 U.S. Dist. LEXIS 156895, *9 (E.D. Ky. Nov. 5, 2014) (citing *Edmondson v. Pa. Nat'l Mut. Cas. Ins. Co.*, 781 S.W.2d 753, 756 (Ky. 1989)); *see also Webb v. Ky. Farm Bureau Ins. Co.*, 577 S.W.2d 17 (Ky. Ct. App. 1978) (holding that a policy provision limiting time to file suit against insurer to one year after inception of insured's loss was enforceable and not against public policy). In *Webb*, the Kentucky Court of Appeals rejected the insured's argument that the one-year limitation period was in conflict with Kentucky's fifteen-year statutory limitations period for contract-based claims. *Id.* at 17-19. "In reaching this conclusion, the Kentucky court cited a litany of Kentucky decisions enforcing the reasonable shortening of the statutory period as consistent with the public interest." *Brantley v. Safeco Ins. Co. of Am.*, 2012 U.S. Dist. LEXIS 148411, *9 (W.D. Ky. Oct. 16, 2012) (citing *Webb*, 577 S.W.2d at 19 (and cases cited)). "Since *Webb*, both Kentucky courts and the federal courts of the Sixth Circuit that have had the opportunity to apply Kentucky law have consistently

upheld the enforceability of insurance policy provisions that limit the time for bringing suit against the insurer to one year after the inception of the loss." *Id.* at *9-10 (and cases cited).

A Kentucky statute, KRS 304.14-370, "specifically allows foreign insurers to limit the time in which an action can be brought against them." *Howard*, 2014 U.S. Dist. LEXIS 156895 at *9-10; *id.* at *10 n.4 (citing KRS 304.1-070) ("A 'foreign' insurer is an insurer formed under the laws of a state other than Kentucky.") Specifically, the statute provides as follows:

> No conditions, stipulations, or agreements in a contract of insurance shall deprive the courts of this state of jurisdiction of actions against foreign insurers, *or limit the time for commencing actions against such insurers to a period of less than one (1) year from the time when the cause of action accrues*.

KRS 304.14-370 (emphasis added).

As the Eastern District of Kentucky has stated, "[c]ontractual limitations periods generally set the date of loss as the beginning of the limitations period provided under the contract." *Howard*, 2014 U.S. Dist. LEXIS 156895 at *10. Moreover, district courts in the Sixth Circuit applying Kentucky law have concluded that "the date of loss is not synonymous with the date of accrual." *Id.* (quoting *Price v. AgriLogic Ins. Servs., LLC*, 2014 U.S. Dist. LEXIS 109448, *5 (E.D. Ky. Aug. 7, 2014)). "A claim cannot accrue prior to the last event necessary to create the cause of action occurring." *Id.* (citing *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 591 (6th Cir. 2004) ("Legal rights and obligations vest when the last event necessary to create the cause of action occurs.")). Thus, to be valid under KRS 304.14-370, "a limitations period under KRS 304.14-370 must provide a party one year to bring suit from the accrual date of the action, *which may vary between claims brought in a single suit*." *Id.* at *11 (emphasis added).

In this case, Hartford argues that the date of loss and the accrual date for Plaintiffs' breach of contract claim are one and the same. Plaintiffs argue that the accrual date for the breach of contract claim was not until July 23, 2014, when Hartford communicated to Plaintiffs' counsel that it would not agree to the "remediation protocol and restoration bid" submitted by Plaintiffs. (DN 32 at 5.) The Court will review two cases that illuminate the proper resolution of those two positions.

In *Brantley*, a 2012 decision from this district, the plaintiff-insured submitted a claim under a "landlord protection policy" after a severe thunderstorm allegedly caused damage to a rental property that he owned. *Brantley*, 2012 U.S. Dist. LEXIS 148411 at *2. The storm occurred on June 11, 2009. *Id.* On July 1, 2009, defendant notified plaintiff in writing that his claim was denied on the basis that it was not a covered loss, describing its investigation of the premises and referencing the "relevant policy provisions it relied upon to conclude that the damage was not the result of a covered peril." *Id.* at *2-3. On June 22, 2010, plaintiff, through counsel, requested that defendant reevaluate his claim, submitting photographs that he claimed showed additional damage caused by the storm. *Id.* at *3. Defendant commissioned a civil engineer, who inspected the property and, on August 30, 2010, submitted a report cosigned by another civil engineer. *Id.* On September 16, 2010, plaintiff filed a complaint in state court alleging breach of the insurance contract, bad faith, and violations of the UCSPA. *Id.* The case was removed to this Court on diversity grounds; as in this case, the Court later granted defendant's motion to bifurcate the matter into two separate proceedings, one as to the breach of contract claim and one as to the bad faith claims. *Id.* After the parties engaged in some written discovery and took certain depositions, defendant moved for summary judgment. *Id.* at *4-5.

8

After laying out the development of the law on contractual limitations periods as is set forth above and rejecting an argument by plaintiff that a Kentucky administrative regulation precluded the enforcement of the one-year limitation provision, the *Brantley* court granted summary judgment to defendant on the issue of whether the breach of contract claim was time-barred. *Brantley*, 2012 U.S. Dist. LEXIS 148411 at *8-12. The Court noted that the date of loss was in June 2009, but plaintiff did not commence suit until over one year later in September 2010. *Id.* at *12-13. Accordingly, "the Court [found] that under established Kentucky law the one-year contractual limitation provision in the policy is both reasonable and enforceable, and [d]efendant [was] entitled to summary judgment because [p]laintiff's claim [was] time-barred by the applicable one-year policy limitation." *Id.* at *13. This was so despite the fact that defendant's reevaluation of plaintiff's insurance claim was completed approximately one year and two months after the date of loss.

In a 2014 case from the Eastern District of Kentucky, *Collins v. State Farm Fire & Cas. Co.*, 2014 U.S. Dist. LEXIS 173065 (E.D. Ky. Dec. 15, 2014), a fire damaged plaintiff's residence on May 20, 2012. Plaintiff's residence was covered by an insurance policy covering fire loss. *Id.* at *1. By letter dated March 12, 2013, defendant denied coverage, declaring the policy void and denying the claim "due to [plaintiff's] violation of the intentional acts and concealment or fraud provisions of the residential policy." *Id.* The parties did not dispute that the fire was intentionally set, but at the time of the court's memorandum opinion and order on summary judgment, the identity of the perpetrator had not been established. *Id.* at *1-2. On September 27, 2013, approximately one-and-a-half years after the fire, plaintiff filed suit in Kentucky state court; the case was later removed to the Eastern District of Kentucky. *Id.* at 2.

9

Defendant moved for summary judgment on the basis that the breach of contract claim was time-barred under the insurance contract's one-year limitations period, which was calculated from the date of loss or damage. *Id.* at *3.

The court noted that under KRS 304.14-370, foreign insurers may limit the time for commencing a suit by contract, so long as the period is not less than one year from the time when the cause of action accrues. *Collins*, 2014 U.S. Dist. LEXIS 173065 at *3 (quoting KRS 304.14-370). The court further noted that "[t]here is an obvious tension between the contract's provision, which uses the date of loss or damage as the beginning of the limitations period, and KRS 304.14-370, which uses the date that the action accrued." *Id.* "Nonetheless," the court went on, "the Sixth Circuit has held that a one year limitations period following the date of 'loss or damage' is reasonable and consistent with KRS 304.14-370, where the underlying claim arose from a fire loss." *Id.* at *3-4 (citing *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 405 (6th Cir. 2005) ("Under Kentucky law, it appears, a cause of action for breach of an insurance contract may 'accrue,' in some sense, before the claimant is entitled to sue.")) (additional citations omitted). In *Collins*, plaintiff argued that the one-year limitations period was unreasonable because by the time defendant formally denied her claim, only 68 days remained in the one-year contractual period between the date of loss and her deadline to file a lawsuit. *Id.* at *4. She further argued that she did nothing to delay the investigation of her claim and that she had no way of knowing it would be denied until she received the denial letter. *Id.* Defendant -- and, ultimately, the court -- disagreed, noting that within approximately two weeks of the fire, plaintiff signed a form acknowledging the existence of a question regarding whether the fire was accidental in nature and that defendant may have no obligation to defend or indemnify her. *Id.* at *5. The court

concluded that due to the nature of the loss, plaintiff was able to ascertain her rights under the policy on the date of the loss or soon thereafter, and that she failed to establish that the time period in issue was unreasonable. *Id.* at *5-6 (and cases cited).

The Court finds both *Brantley* and *Collins* instructive in this case. In both cases, the courts rejected arguments by plaintiffs that one-year contractual limitations periods were unreasonable due to the particular sequence of events surrounding the denials of their insurance claims.[1] In this case, it is undisputed that four-and-a-half years elapsed between the date of loss and the filing of the original complaint in state court. This is more than twice the two-year contractual limitation provision in the policy. Kentucky statute, Kentucky courts, and federal courts applying Kentucky law have approved one-year limitations periods, whereas the insurance contract at issue in this case offered Plaintiffs twice that length of time to file suit. Guided by relevant case law, including *Brantley* and *Collins*, the Court is not persuaded that the breach of contract claim accrued at a date later than the date of loss, such as the June 2014 date cited by Plaintiffs. Based upon the series of events set forth in the complaint and Plaintiffs' response to the summary judgment motion, the Court is inclined to view the June 2014 letter more similarly to Hartford's description of it, that is, as a letter regarding informal settlement negotiations, rather than a formal denial of claim, as it is described by Plaintiffs. The June 2014 letter does not constitute a belated, full denial of Plaintiffs' claim, as Plaintiffs seem to suggest. After all, Hartford did pay out a significant sum of money directly to Plaintiffs and to third-parties

---

[1] The Court acknowledges that the *Collins* court's reasoning was based, at least in part, on the fire-related nature of the loss in that case. *Collins*, 2014 U.S. Dist. LEXIS 173065 at *3. It is plausible that a fire could cause damage more immediately noticeable than damage caused by flooding such as that involved in this case. Nonetheless, the Court finds the court's analysis of the sequence of events, particularly the delay in claim denial arguably caused by the insurer-defendant, useful and instructive in its analysis of this case. Additionally, the Court notes that the *Collins* court considered cases involving non-fire-related causes of loss. *See id.* at *6 (discussing *Price v. AgriLogic Ins. Servs., LLC*, 2014 U.S. Dist. LEXIS 109448, *7-8 (E.D. Ky. Aug. 7, 2014), a case involving wind and hail damage to crops).

engaged to repair Plaintiffs' residence. Moreover, the Court is struck by the fact that Plaintiffs' discovery in "approximately June 2012" of Hartford's purported failure to remediate the damage occurred after Plaintiffs had been away from the residence since September 2010. (DN 1-2 at 5-6, ¶¶ 8-10.) Perhaps Plaintiffs' awareness of the alleged extent of the damage to the residence and their subsequent, related interactions with Hartford, would have followed a speedier timeline had Plaintiffs been present at the residence during that period.

In any event, the Court concludes that under established Kentucky law, the two-year contractual limitation period in the policy is both reasonable and enforceable, and Hartford is therefore entitled to summary judgment as to Count A, the breach of contract claim. Plaintiffs' breach of contract claim is time-barred under the applicable two-year policy limitation.[2]

Finally, while the Court grants summary judgment to Hartford on Count A, the breach of contract claim, the Court will not do so based on Count D, the negligence claim. In its motion, Hartford states that it seeks summary judgment as to the negligence claim, but it does not develop this argument in either the memorandum of law supporting the motion or in its reply brief. (*See generally* DN 25-1, 36.) Without some argument specifically as to the negligence claim -- or even, as the Court presumes Hartford wishes the Court to find -- an argument that the breach of contract and negligence claims are essentially identical and should be considered together for purposes of the summary judgment motion, the Court will not do away with the negligence claim. In short, Hartford has not shown that "the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any

---

[2] As the parties are aware, this case has been bifurcated, and no discovery or dispositive motion briefing has taken place on Count C of the complaint. As our courts have recognized, the fact that a breach of contract claim is time-barred does not necessarily mean that a similar fate awaits a bad faith claim stemming from the same loss. *See, e.g.*, *Howard*, 2014 U.S. Dist. LEXIS 156895 at *11-12 (discussing same).

material fact and the movant is entitled to judgment as a matter of law'" with respect to Count D. *Brantley*, 2012 U.S. Dist. LEXIS 148411 at *6 (quoting Fed. R. Civ. P. 56(a)). Accordingly, summary judgment is not appropriate as to Count D, Plaintiffs' negligence claim.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Hartford's motion for summary judgment (DN 25) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **granted** insofar as it relates to Count A, the breach of contract claim, and it is **denied** insofar as it relates to Count D, the negligence claim.

IT IS FURTHER ORDERED that **no later than November 10, 2017**, the parties shall submit a JOINT PROPOSED SCHEDULING ORDER for this case moving forward. The parties SHALL also state whether they wish to schedule (a) a telephonic status conference; and/or (b) a settlement conference.

cc: Counsel of record